```
            IN THE UNITED STATES DISTRICT COURT
            FOR THE SOUTHERN DISTRICT OF ALABAMA
                       SOUTHERN DIVISION
```

```
RODNEY LUNDY, AIS # 191057,    :

     Plaintiff,                :

vs.                            :   CIVIL ACTION 12-0480-WS-B

ANGELO BURRELL, et al.,        :

     Defendants.               :
```

## REPORT AND RECOMMENDATION

Plaintiff Rodney Lundy, an Alabama prison inmate proceeding *pro se* and *in forma pauperis*, filed a Complaint under 42 U.S.C. § 1983. This action has been referred to the undersigned for appropriate action pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 72.2(c)(4). It is recommended that this action be dismissed with prejudice as frivolous, prior to service of process, pursuant to 28 U.S.C. § 1915(e)(2)(B)(i).

**I. Complaint. (Doc. 1).**

According to Plaintiff, his claims arose on September 27, 2009 and on October 6, 2009 at the Mobile Community Based Facility. (Doc. 1 at 4). Plaintiff names as Defendants Officers Albert Miller and Angelo Burrell and an unknown insurance bonding company. (Id. at 1, 5-6). Plaintiff claims that on September 27, 2009, Defendant Miller, after

investigating the "incident,"[1] retrieved Plaintiff, who was on a pass, from his mother's home. (Id. at 8). Plaintiff further asserts that Officer Leon Hampton, a non-defendant, charged him with a disciplinary infraction for failure to obey a direct order and for consumption or use of alcohol or a narcotic. (Id.). According to Plaintiff, Defendant Burrell conspired with Defendant Miller to appoint Defendant Miller as the hearing officer even though he knew that Defendant Miller was the investigating officer. (Id.). Plaintiff asserts that Administrative Regulation 403 (III)(B) prohibits a person "who has formed an opinion of the innocence or guilt of the inmate [from being] the hearing officer." (Id.). Plaintiff maintains that Defendants violated this regulation, and that Defendant Miller knew that he was violating this regulation when he sat as the disciplinary hearing officer. (Id.). Plaintiff contends that Defendant Miller was biased, and that he violated Plaintiff's constitutional rights in finding Plaintiff guilty of the violation. (Id.). Plaintiff asserts that he has a liberty interest in Defendant Miller following Administrative Regulation 403(III)(B). (Id.).

In addition to naming the two officers as Defendants,

---

[1]   The incident is not described in the Complaint, nor is a disciplinary report, which may describe the incident, attached to the Complaint.

Plaintiff refers to a third defendant, an unknown insurance bonding company, which he is suing for breach of contract. (Id. at 6). According to Plaintiff, the company "insur[ed] the bonding of Defendants Miller and Burrell for the faithful and diligent performance of their duties and job." (Id. at 9). Plaintiff has not provided any descriptive information that would assist the Court in identifying the company.

In his prayer for relief, Plaintiff requests monetary damages from the three Defendants and requests that certain disciplinaries and erroneous information be expunged from his file.

**II.  Standards of Review Under 28 U.S.C. § 1915(e)(2)(B).**

Because Plaintiff is proceeding *in forma pauperis*, the Court is reviewing his Complaint (Doc. 1) under 28 U.S.C. § 1915(e)(2)(B). Under § 1915(e)(2)(B)(i), a claim may be dismissed as "frivolous where it lacks an arguable basis in law or fact." Neitzke v. Williams, 490 U.S. 319, 325, 109 S. Ct. 1827, 1831-32, 104 L. Ed. 2d 338 (1989). A claim is frivolous as a matter of law where, *inter alia*, the defendants are immune from suit, id. at 327, 109 S. Ct. at 1833, or the claim seeks to enforce a right that clearly does not exist. Id.

Moreover, a complaint may be dismissed under 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim upon which

relief may be granted.  Mitchell v. Farcass, 112 F.3d 1483, 1490 (11th Cir. 1997).  To avoid dismissal for failure to state a claim upon which relief can be granted, the allegations must show plausibility.  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 557, 127 S. Ct. 1955, 1966, 167 L. Ed. 2d 929 (2007).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  Ashcroft v. Iqbal, 566 U.S. 662, 678, 129 S. Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009).  That is, "[f]actual allegations must be enough to raise a right to relief above the speculative level" and must be a "'plain statement' possess[ing] enough heft to 'sho[w] that the pleader is entitled to relief.'"  Twombly, 550 U.S. at 555, 557, 127 S. Ct. at 1965, 1966 (second brackets in original).  Furthermore, when a successful affirmative defense, such as a statute of limitations, appears on the face of a complaint, dismissal for failure to state a claim is also warranted.  Jones v. Bock, 549 U.S. 199, 215, 127 S. Ct. 910, 920-21, 166 L. Ed. 2d 798 (2007).

When considering a pro se litigant's allegations, a court gives them a liberal construction holding them to a more lenient standard than those of an attorney.  Haines v. Kerner, 404 U.S. 519, 520, 92 S. Ct. 594, 595-596, 30 L. Ed. 2d 652 (1972).  The

4

court, however, does not have "license . . . to rewrite an otherwise deficient pleading [by a pro se litigant] in order to sustain an action."  GJR Investments v. County of Escambia, Fla., 132 F.3d 1359, 1369 (11th Cir. 1998), overruled on other grounds by Randall v. Scott, 610 F.3d 701, 710 (11th Cir. 2010) (relying on Iqbal, 566 U.S. 662, 129 S. Ct. 1937).  The factual allegations are treated as true, but not the conclusory assertions or a recitation of a cause of action's elements.  Iqbal, 566 U.S. at 681, 129 S. Ct. at 1951.  In addition, a pro se litigant "is subject to the relevant law and rules of court including the Federal Rules of Civil Procedure."  Moon v. Newsome, 863 F.2d 835, 837 (11th Cir.), cert. denied, 493 U.S. 863 (1989).

**III. Discussion.**

On July 27, 2012, the Court received Plaintiff's Complaint, which borne a signature date of July 12, 2012.  (Doc. 1 at 7). As noted supra, in his Complaint, Plaintiff lists September 27, 2009 and October 6, 2009 as the dates on which his claims arose. (Id. at 4).

In Alabama, however, the statute of limitations for a § 1983 action is two years.  Lufkin v. McCallum, 956 F.2d 1104, 1105, 1108 n.2 (11th Cir.), cert. denied, 506 U.S. 917 (1992); ALA. CODE § 6-2-38(l).  The statute of limitations for a § 1983

action is borrowed from a state's general or residual statute of limitations for personal injury actions, Wallace v. Kato, 549 U.S. 384, 387, 127 S. Ct. 1091, 1094, 166 L. Ed. 2d 973 (2007); Owens v. Okure, 488 U.S. 235, 239, 109 S. Ct. 573, 576, 102 L. Ed. 2d 594 (1989), because § 1983 does not contain a statute of limitations.  Id. at 249-50, 109 S. Ct. at 582.  Alabama's two-year statute of limitations for personal injuries is the statute of limitations used for § 1983 actions filed in Alabama. Lufkin, 956 F.2d at 1105, 1108 n.2; accord McNair v. Allen, 515 F.3d 168, 1170 (11th Cir. 2008) (applying the two-year statute of limitations to a § 1983 action).

Even though state law determines the length of the limitations period, federal law governs when the statute of limitations begins to run, that is, when the cause of action accrues.  Wallace, 549 U.S. at 388, 127 S. Ct. at 1095.  Under federal law, "[accrual occurs] when the plaintiff has a complete and present cause of action . . . that is, when the plaintiff can file suit and obtain relief[.]"  Id. (brackets in original) (citations and quotation marks omitted); see Mullinax v. McElhenney, 817 F.2d 711, 716 (11th Cir. 1987) (a section 1983 action accrues when a person with a reasonable regard for his rights is aware or has reason to know that he has been injured).

Therefore, considering the tenor of Plaintiff's

6

allegations, Plaintiff knew of his injuries related to the complained of disciplinaries at least by October 6, 2009 or shortly thereafter. It was at that time Plaintiff had a complete cause of action against Defendants for the claims that he brings in this action. However, Plaintiff brought these claims to the Court's attention on July 27, 2012, when the Court received his Complaint that he signed on July 12, 2012. (Doc. 1 at 7). The filing of the Complaint, thus, occurred on a date between July 12, 2012 and July 27, 2012. Houston v. Lack, 487 U.S. 266, 276, 108 S. Ct. 2379, 2385, 101 L. Ed. 2d 245 (1988) (holding that the filing of a prisoner's complaint occurs when a prisoner "deliver[s] it to the prison authorities for forwarding to the court clerk"); see Garvey v. Vaughn, 993 F.2d 776, 783 (11th Cir. 1993) (extending Houston to § 1983 actions filed by pro se prisoners). A determination of a specific filing date is not necessary because July, 2012 is well beyond two years from October 6, 2009. As a consequence, the Court finds Plaintiff's action is barred by the two-year statute of limitations and is due to be dismissed with prejudice as frivolous. Clark v. Georgia Pardons & Paroles Bd., 915 F.2d 636, 640 n.2 (11th Cir. 1990) (when an affirmative defense, such as the statute of limitations, would defeat a claim, the claim may be dismissed as frivolous); Simon v. Georgia, 282 F. Appx. 739, 739-40 (11th

7

Cir. 2008) (unpublished) (affirming a frivolous dismissal on statute of limitations grounds after Bock);[2] cf. Bock, 549 U.S. at 215, 127 S. Ct. at 920-21 (when a successful affirmative defense, such as a statute of limitations, appears on the face of a complaint, a complaint is subject to dismissal under 28 U.S.C. § 1915(e)(2)(B) for failure to state a claim).[3]

**IV. Conclusion.**

For the foregoing reasons, it is recommended that this action be dismissed with prejudice, prior to service of process, pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) and (ii) because Plaintiff's claims are either frivolous or fail to state a claim upon which relief may be granted.[4]

---

[2]   "Unpublished opinions are not considered binding precedent, but they may be cited as persuasive authority."  11TH CIR. R. 36-2 (2005).

[3]   On the face of the Complaint, no ground is apparent that would prevent the application of the statute of limitations. Therefore, the Court did not discuss another basis for the dismissal of the action or a portion thereof, i.e., Sandin v. Conner, 515 U.S. 472, 115 S. Ct. 2293, 132 L. Ed. 2d 418 (1995), and 42 U.S.C. § 1997e(e), respectively.

[4]   The Court observes that Plaintiff's other action, Lundy v. Burrell, CA 12-0439-WS-C, is on appeal to the Eleventh Circuit Court of Appeals.  This prior action was based on a disciplinary proceeding that occurred on October 5, 2009 at Fountain Correctional Facility after Plaintiff was transferred there from Mobile Work Release.  (Doc. 7 at 1).  In that action, it was recommended that Plaintiff's action be dismissed with prejudice as frivolous because it was barred by the two-year statute of limitations.  (Id. at 6).  Plaintiff objected, arguing that the wrong statute of limitations was applied, that is, a 10-year

The instructions that follow the undersigned's signature contain important information regarding objections to the report and recommendation of the Magistrate Judge.

DONE this the **20th** day of **December, 2012.**

            /s/ SONJA F. BIVINS
           **UNITED STATES MAGISTRATE JUDGE**

---

statute of limitations should have been applied. (Doc. 11 at 5). After considering the objection, the District Court adopted the Report and Recommendation and dismissed the action pursuant to 28 U.S.C. § 1915(e)(2)(B)(i). Subsequently, Plaintiff filed the appeal, which is currently pending.

**MAGISTRATE JUDGE'S EXPLANATION OF PROCEDURAL RIGHTS
AND RESPONSIBILITIES FOLLOWING RECOMMENDATION
AND FINDINGS CONCERNING NEED FOR TRANSCRIPT**

1.  **Objection**. Any party who objects to this recommendation or anything in it must, within fourteen days of the date of service of this document, file specific written objections with the clerk of court. Failure to do so will bar a de novo determination by the district judge of anything in the recommendation and will bar an attack, on appeal, of the factual findings of the magistrate judge. See 28 U.S.C. § 636(b)(1)(C); Lewis v. Smith, 855 F.2d 736, 738 (11th Cir. 1988). The procedure for challenging the findings and recommendations of the magistrate judge is set out in more detail in SD ALA LR 72.4 (June 1, 1997), which provides, in part, that:

> A party may object to a recommendation entered by a magistrate judge in a dispositive matter, that is, a matter excepted by 28 U.S.C. § 636(b)(1)(A), by filing a "Statement of Objection to Magistrate Judge's Recommendation" within ten days[5] after being served with a copy of the recommendation, unless a different time is established by order. The statement of objection shall specify those portions of the recommendation to which objection is made and the basis for the objection. The objecting party shall submit to the district judge, at the time of filing the objection, a brief setting forth the party's arguments that the magistrate judge's recommendation should be reviewed de novo and a different disposition made. It is insufficient to submit only a copy of the original brief submitted to the magistrate judge, although a copy of the original brief may be submitted or referred to and incorporated into the brief in support of the objection. Failure to submit a brief in support of the objection may be deemed an abandonment of the objection.

> A magistrate judge's recommendation cannot be appealed to a Court of Appeals; only the district judge's order or judgment

---

[5] Effective December 1, 2009, the time for filing written objections was extended to "14 days after being served with a copy of the recommended disposition[.]" Fed.R.Civ.P. 72(b)(2).

can be appealed.

2.     **Opposing party's response to the objection.**     Any opposing party may submit a brief opposing the objection within ten (10) days of being served with a copy of the statement of objection. Fed.R.Civ.P. 72; SD ALA LR 72.4(b).

3.     **Transcript (applicable where proceedings tape recorded).** Pursuant to 28 U.S.C. § 1915 and Fed.R.Civ.P. 72(b), the magistrate judge finds that the tapes and original records in this action are adequate for purposes of review.  Any party planning to object to this recommendation, but unable to pay the fee for a transcript, is advised that a judicial determination that transcription is necessary is required before the United States will pay the cost of the transcript.